[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
 MOTION TO REOPEN JUDGMENT AND MODIFY ALIMONY AND CHILD SUPPORT [152]
The parties' nine year marriage was dissolved by this court on October 23, 1997. At that time, the parties filed a separation agreement dated October 23, 1997. By court order, the terms of the separation agreement were incorporated by reference in the judgment file.
The parties have two minor children; Daniel H. Allen, born July 13, 1989 and Stephen B. Allen, born Sepember 6, 1991.
The separation agreement and the judgment provide that plaintiff pay defendant $312.50 per week for child support. Child support was modifiable in accordance with the child support guidelines of the State of Connecticut.
The defendant was awarded alimony in the amount of $175 per week for a period of 208 weeks beginning Friday, October 24 1997.
At the time of the dissolution, October 1997, plaintiff's financial affidavit dated October 23, 1997 showed plaintiff was then employed as a Software Engineer at Lightbridge, Inc. of Waltham, Massachusetts. That affidavit shows his gross weekly wage was $1,346.16. He lost his job at Lightbridge, Inc. the day after the divorce.
On Jan. 8, 2001, defendant filed a Motion To Reopen Judgment And Modify Alimony And Child Support dated January 4 2001. [152] In that motion plaintiff recites that he lost his job at the National Grange Mutual Insurance Company. While at National Grange, he earned in the order of $72,000 a year. He lost his job at National Grange on December 4, 2000. He has a new job but earns substantially less.
Plaintiff further recites that he is obligated to pay alimony and support to his present wife and for his child of that second marriage. Plaintiff states he is unable to meet all of the payments currently ordered. Plaintiff moved the court to modify the orders for payment of alimony and child support.
The court initially heard this matter on February 13th.
Plaintiff testified he had previously been employed in management positions. However, he is unsuited psychologically for management; he had not performed to his employers expectations. Plaintiff maintains he is an able software designer but cannot function in a management position. This has resulted in his losing employment as a manager causing a loss of the higher wages paid as a manager. CT Page 6778
Plaintiff filed an affidavit dated February 13, 2001 which stated he was then employed by Secure Health in Burlington, Vermont as a software programmer. His weekly income was shown as $572.96. Plaintiff claims he is proficient in programming but his programming skills have become outdated due to the advances in technology which have occurred during the years he was in management positions. He expects to regain his proficiency in programming by the middle to the end of 2001. Plaintiff expects that by the middle of this year, his annual income will increase to $45,000 to $60,000. He expects to increase his annual income to the neighborhood of $55,000 to $85,000 next year working as a contract programmer.
On February 13, 2001, the court denied the motion to reduce the child support. The alimony order was suspended until the first short calendar in May 2000 when the court would review the situation.
The court again heard the parties on May 7, 2000.
Plaintiff did not file a more current financial affidavit on May 7, 2001; he relies on the affidavit filed on February 13, 2001.
That affidavit shows the gross weekly wage of $576.92 and a net weekly wage $486.63. Payment of $59 per week alimony and $137.50 child support are indicated as due under the New Hampshire court order.
Defendant has not attacked the accuracy of plaintiff's financial affidavit. Defendant questions plaintiff's leaving his higher paying jobs and his taking the far less paying programming work. However, his leaving the management positions was not voluntary. And, the court will not now second-guess his decision to work in programming where his skills should produce greater income in the long haul.
Defendant claims the amounts plaintiff is paying for alimony and child support pursuant to the New Hampshire court order are not to be taken into account when calculating the presumptive child support under the Connecticut child support guidelines. The court disagrees.
Plaintiff is presently paying $139 per week child support for the child the of his second marriage.
Defendant's current affidavit dated February 13 2001 shows no income from employment; the only income reported is the alimony and child support ordered by the judgment. No evidence was presented quantifying defendant's earning capacity. Therefore, combining the net weekly income of the parties results in the $486.63 reported by plaintiff. The presumptive current weekly support is $172. A strict application of the CT Page 6779 guidelines would require plaintiff to pay $172 per week child support.
The court believes some deviation is in order. Pursuant to the New Hampshire court order, plaintiff pays $139 per week child support for the one child of his second marriage. The court believes it inequitable for him to pay only $172 per week for the two children of this marriage. Furthermore, in view of the temporary cessation of alimony now in effect, an increase in child support beyond that in the guidelines would be justified. The limited amount of child support as calculated will have a severe negative impact on the children. It is in the best interests of the children for the court to depart from the child's support guidelines. Unfortunately, because of the impact these orders will have on what is left for the plaintiff to live on the deviation must be minimal.
The court orders that plaintiff pay child support in the amount of $190 per week.
The order entered on February 13, 2001 suspending alimony payment is continued until further order of this court. The suspended alimony shall remain an obligation of the plaintiff. It must be paid to defendant when plaintiff's finances improve. Plaintiff shall pay defendant interest on the suspended portion of the alimony at the rate of six per cent per year. The interest accrued during the previous year shall be paid each January.
Plaintiff shall notify defendant of all changes in his finances within one week of the occurrence of any such change.
The defendant is entitled to monitor plaintiff's earnings and finances on a periodic basis. Defendant may submit a proposed order for such purpose within 10 days.
Parker, J.